UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marquese Hines,<br><br>                    Plaintiff,<br><br>v.<br><br>Avin Thomas, *et al*.<br><br>                    Defendants. | Civil No. 3:23-cv-00208 (VAB)<br><br><br><br>December 11, 2023 |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] AND INITIAL REVIEW UNDER 28 U.S.C. § 1915**

This is a lawsuit filed by Marquese Hines. In his complaint Mr. Hines has sued three defendants; Avin Thomas, the District of Colombia, and Scottish Rights of Bridgeport. (Compl., ECF No. 1.) He claims, among other things, that Avin Thomas and the District of Colombia introduced him to witchcraft, that the Bridgeport hospital has been researching and recording him, and that Hispanic people are practicing satanic worship and stealing blood. (ECF No. 1 at 2-3.) Mr. Hines claims that his civil, human, and contract rights have all been violated, and he seeks a civil protection order. *Id*. at 3-4. He moved for leave to proceed *in forma pauperis*, or "IFP." (ECF No. 2.)

When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether it "is frivolous or malicious" or "fails to state a claim on which relief may

be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).  If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case.  *Id*.

United States District Judge Victor A. Bolden referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these inquiries.  I have reviewed the complaint, the IFP motion, and the accompanying affidavit.  In the first step of my analysis, **I recommend that the motion for leave to proceed IFP be denied without prejudice** because Mr. Hines has not properly completed the financial affidavit.  (*See* discussion, Section 1 *infra*.)  He essentially left the form blank (*see* ECF No. 2), and I do not have enough information to conclude that he cannot pay the fee.

**I also recommend that Mr. Hines' complaint be dismissed without prejudice**, for two reasons.  First, he has neither paid the filing fee nor shown that he is excused from doing so – because, as noted, he has not completed his financial affidavit.  Second and more substantively, his complaint is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).  His claims about witchcraft and satanic worship defy belief, and he cites no law that the defendants have allegedly violated.  I therefore recommend that his complaint be dismissed without prejudice.

1. **The First Inquiry:  *In Forma Pauperis* Status**

When a plaintiff files a complaint in federal court, typically he must pay filing and administrative fees totaling $402.  *See* 28 U.S.C. § 1914.  District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) (plaintiffs who qualify for *in forma pauperis* status "may commence a civil action without prepaying fees or paying certain expenses").

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Courts typically deny motions for leave to proceed IFP when the plaintiff's affidavit lacks enough information to confirm his inability to pay. In *Bank of New York v. Consiglio,* for example, the court denied the plaintiff's motion because his affidavit did not include enough information about the disability benefits he was receiving. No. 3:17-cv-1408 (CSH) (SALM), 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017), *report and recommendation adopted,* 2017 WL 4948069 (D. Conn. Nov. 1, 2017). In *Schwartz v. Internal Revenue Service*, the court denied an IFP motion because the plaintiff failed to answer several of the questions on the affidavit. 998 F. Supp. 201, 202 (N.D.N.Y. 1998). And in *Morrison v. Jefferson County Public Defender's Office*, the court likewise denied the plaintiff's motion because he "failed to provide complete information." No. 7:09-cv-1412, 2010 WL 455467, at *3 (N.D.N.Y. Feb. 3, 2010) (accepting report and recommendation).

In multi-plaintiff cases, courts will also deny motions for leave to proceed IFP when each plaintiff has not submitted their own application. It is not enough for one plaintiff to submit an affidavit – all plaintiffs must do so. "[A]ny person seeking to file an action without prepayment of the filing fee must submit a motion to proceed in forma pauperis." *Ruffino v. Lantz*, No. 3:08-cv-1521 (VLB), 2009 WL 700653, at *3 (D. Conn. Mar. 13, 2009). Accordingly, "[i]f a civil

action is properly instituted by multiple plaintiffs, before it should be allowed to proceed in forma pauperis under 28 U.S.C. § 1915, there should be filed of record affidavits or declarations of poverty by . . . each and all of the plaintiffs in the action." *Norman v. Mellon Bank*, Civ. A. No. 90-7268, 1990 WL 186989, at *1 (E.D. Pa. Nov. 26, 1990). Where "[t]his has not been done," "leave to file in forma pauperis should be denied" "for that reason alone." *Id*.

In this case, Mr. Hines' affidavit is incomplete and fails to demonstrate that he is "unable to pay" the filing fee. He submitted a declaration, declaring under penalty of perjury that all the information in his IFP application was correct. (ECF No. 2 at 5.) But he failed to fill out any of the listed categories for the Court to consider whether his IFP status would be appropriate. Mr. Hines leaves the five page form void of any information regarding his income, assets, or obligations. *Id*. at 2-5. Without that information, I cannot tell whether he is truly unable to pay.

Mr. Hines also purported to file this lawsuit on behalf of Shameka Hines, while only providing an IFP motion for himself. (ECF No. 1, 2.) As stated above, any civil action seeking to bring multiple plaintiffs must be accompanied by an individual IFP application from each and every plaintiff in the action. This was not done here. For these reasons, I recommend that his motion for leave to proceed IFP be denied, without prejudice to refiling.

2. **The Second Inquiry:  Review of the Complaint Under 28 U.S.C. § 1915(e)(2)**

Although Mr. Hines' complaint and motion fail the first inquiry, in the interest of judicial efficiency I will also conduct the second inquiry required under 28 U.S.C. § 1915(e)(2). *See, e.g., Franklin v. Chenango Cnty. Pub. Defender's Office,* No. 3:18-cv-0865 (BKS/DEP), 2018 WL 4288620, at *2 (N.D.N.Y. Sept. 7, 2018) (conducting 28 U.S.C. § 1915(e) analysis even though *in forma pauperis* motion denied).

As noted, this second inquiry asks whether the Mr. Hines' complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). A complaint will be deemed frivolous when the facts plead are "clearly baseless—that is…they are fanciful, fantastic or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). As the Supreme Court has held, "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation and quotation marks omitted). Applying these principles, courts in this district have dismissed complaints when the alleged facts "def[y] rational belief." *Flynn v. Verizon Wireless*, No. 3:22-CV-1065 (JAM), 2023 WL 5153635, at *5 (D. Conn. Aug. 10, 2023) (dismissing claim that alleged a "government-wide conspiracy to install 5G networks to control the population" as frivolous); *see also Foster v. Doe*, No. 3:21-CV-00507 (VAB), 2021 WL 11581097, at *1 (D. Conn. Apr. 26, 2021), *report and recommendation adopted,* slip op. (D. Conn. Aug. 5, 2021) (dismissing claim as frivolous when plaintiff made "scant" factual allegations that his civil rights were "locked…at World Court"). When an IFP complaint is "frivolous" it is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Gallop*, 642 F.3d at 368.

Of course, pleading rules are interpreted liberally in the case of *pro se* plaintiffs like Mr. Hines. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections,* 232 F.3d 135, 139-40 (2d Cir. 2000). Put differently, courts interpret *pro se* complaints "to raise the strongest arguments they suggest." *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). Since *pro se* litigants "cannot be expected to know all of the legal theories on which they

might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005). This liberality has limits, however. "Even a *pro se* plaintiff . . . must meet the standard of facial plausibility." *McQuay v. Pelkey,* No. 3:16-cv-436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *see also Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief . . . .").

In this case, Mr. Hines' claims have no evident basis in law or fact. He is suing Avin Thomas for "introducing [him to] witchcraft." (ECF No. 1 at 2.) He also alleges that he is a part of stem cell research program in which he refuses to work with Hispanic people if they "practice[e] satanic worship and…steal[] blood [illegible] from Bridgeport hospital." *Id*. He adds that the hospital has been researching him, "recording his behavioral lifestyle" and "working with spanish people to sell out stuff on the dark web." *Id*. at 2-3. In his claim for relief he makes a conclusory allegation that his civil, human, and contract rights have all been violated. *Id*. at 3. He goes on to note that the "Judge violated [his] protection order and didn't listen to [him]" claiming they have "been borrowing from [his] machines seeking child porn." *Id*. Mr. Hines ends his complaint by stating that the "Judges already know this from, here United States to District of Colombia." *Id*. I conclude that Mr. Hines' bare, fanciful, and often unintelligible allegations defy reasonable belief and should therefore be dismissed.

IV.  **CONCLUSION**

For the foregoing reasons, I recommend that Judge Bolden deny Mr. Hines' IFP motion and dismiss his complaint. I further recommend that the denial and dismissal be without prejudice. If my recommendation is accepted, this would mean that Mr. Hines could (a) file another motion

6

for leave to proceed IFP, this time fully completing the financial affidavit;[1] and (b) file an amended complaint curing the defects cited in this recommended ruling – on behalf of himself only, because unless he is a licensed attorney, he of course cannot bring a case on behalf of third persons like Shameka Hines. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).  There may be no cure for those defects, but *pro se* plaintiffs are usually permitted at least one try.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (*pro se* plaintiffs typically permitted "leave to amend at least once").

This is a recommended ruling by a magistrate judge.  Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If Mr. Hines wishes to object to my recommendation, he must file that objection with the Clerk of the Court within fourteen days.**  Fed. R. Civ. P. 72(b)(2); D. Conn. L. Civ. R. 72.2(a).  If he does not do so, he may not thereafter assign as error any claimed defect in this recommended ruling.  D. Conn. L. Civ. R. 72.2(a).  Failure to file a timely objection will also preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice,* 670 F. App'x 32 (2d Cir. 2016) (summary order).

                    */s/ Thomas O. Farrish*
                    Hon. Thomas O. Farrish
                    United States Magistrate Judge

---

[1] Mr. Hines should fill in every space on the affidavit.  If the truthful answer to a question is "zero," "none" or "not applicable," he should write that on the affidavit rather than leave the space blank.